IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

U.S. SECURITIES AND EXCHANGE COMMISSION,
100 F Street, NE
Washington, DC  20549,

                    *Plaintiff,*

-v-

PFIZER INC.,
235 East 42nd Street
New York, NY  10017,

                    *Defendant.*

CA: 12-1303 (ESH)

**FILED**

**AUG 2 8 2012**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## FINAL JUDGMENT AS TO DEFENDANT PFIZER INC.

The Securities and Exchange Commission having filed a Complaint and Defendant Pfizer Inc. ("Pfizer"), having entered a general appearance; consented to the Court's jurisdiction over Pfizer and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Pfizer and Pfizer's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(A)], by failing

-2-

to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of Pfizer.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Pfizer and Pfizer's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78m(b)(2)(B)], by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorizations; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Pfizer will periodically, at no less than 9-month intervals during a two-year term, report to the Commission the status of Pfizer's remediation and implementation of compliance measures. Should Pfizer discover credible evidence, not already reported to the Commission, that questionable or corrupt payments or questionable or corrupt transfers of property or interests may have been offered, promised, paid, or authorized by any Pfizer entity or person, or any entity or person while

working directly for Pfizer, or that related false books and records have been maintained, Pfizer shall promptly report such conduct to the Commission. During this two-year period, Pfizer shall: (1) conduct an initial review and submit an initial report, and (2) conduct and prepare two follow-up reviews and reports, as described below:

    a.    Pfizer shall submit to the Commission a written report within 180 calendar days of the entry of Final Judgment setting forth a complete description of its FCPA and anti-corruption related remediation efforts to date, its proposals reasonably designed to improve the policies and procedures of Pfizer for ensuring compliance with the FCPA and other applicable anticorruption laws, and the parameters of the subsequent reviews (the "Initial Report"). The Initial Report shall be transmitted to Charles E. Cain, Deputy Chief, FCPA Unit, Division of Enforcement, United States Securities and Exchange Commission, 100 F Street, NE, Washington, DC 20549-5030. Pfizer may extend the time period for issuance of the Initial Report with prior written approval of the Commission.

    b.    Pfizer shall undertake two follow-up reviews, incorporating any comments provided by the Commission on the previous report, to further monitor and assess whether the policies and procedures of Pfizer are reasonably designed to detect and prevent violations of the FCPA and other applicable anti-corruption laws (the "Follow-up Reports").

    c.    The first Follow-up Report shall be completed by no later than 270 days after the Initial Report. The second Follow-up Report shall be completed by no later than 270 days after the completion of the first Follow-up Report. Pfizer may extend the time period for issuance of the Follow-up Reports with prior written approval of the Commission.

d.  The periodic reviews and reports submitted by Pfizer will likely include confidential financial, proprietary, competitive business or commercial information. Public disclosure of the reports could discourage cooperation, impede pending or potential government investigations or undermine the objectives of the reporting requirement. For these reasons, among others, the reports and the contents thereof are intended to remain and shall remain non-public, except (1) pursuant to court order, (2) as agreed to by the parties in writing, (3) to the extent that the Commission determines in its sole discretion that disclosure would be in furtherance of the Commission's discharge of its duties and responsibilities, or (4) is otherwise required by law.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Pfizer is liable for disgorgement of $16,032,676 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,307,268.84, for a total of $26,339,944.84. Pfizer shall satisfy this obligation by paying $26,339,944.84 within fourteen (14) days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington, DC 20549, and shall be accompanied by a letter identifying Pfizer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Pfizer shall simultaneously transmit photocopies of or other suitable proof of the payment of disgorgement and letter to the Commission's counsel in this action. By making this payment, Pfizer relinquishes all legal and

equitable right, title, and interest in such funds, and no part of the funds shall be returned to Pfizer. Pfizer shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that based on Pfizer's exemplary cooperation in a Commission investigation, the Court is not ordering Pfizer to pay a civil penalty.  If at any time following the entry of the Final Judgment the Commission obtains information indicating that Pfizer knowingly provided materially false or misleading information or materials to the Commission or in a related proceeding, the Commission may, at its sole discretion and without prior notice to Pfizer, petition the Court for an order requiring Pfizer to pay a civil penalty.  In connection with any such petition and at any hearing held on such a motion:  (a) Pfizer will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Pfizer may not challenge the validity of the Final Judgment, the Consent, or any related Undertakings; (c) the allegations of the Complaint, solely for the purposes of such motion, shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. Under these circumstances, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Pfizer shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __8/27/12__

_Ellen S Huvelle_
UNITED STATES DISTRICT JUDGE